IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERVIN G. TAYLOR,                    )
                                    )
        Petitioner,                 )
                                    )
v.                                  )   CIVIL ACTION NO.: 1:12-CV-120-TMH
                                    )              [WO]
WARDEN LARRY CAMPBELL, *et al*., )
                                    )
        Respondents.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ervin Taylor ["Taylor"] on February 6, 2012.[1]  Taylor initiated the instant action while incarcerated at the Houston County Jail in Dothan, Alabama. In this petition, as amended, Taylor challenges his conviction for possession of a controlled substance entered against him by the Circuit Court for Houston County, Alabama, on June 23, 2011.

In their answer filed with this court on March 30, 2012, Respondents assert that Taylor has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Taylor did not file a direct appeal of his conviction nor has he filed  a post-conviction petition with the trial court.  (*Doc. No. 12, Exhs. A-C.*)

---

[1] Although the present petition was stamped "filed" in this court on February 8,  2012, the petition was signed by Taylor on February 6, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Taylor] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers February 6, 2012 as the date of filing.

Respondents state that, in accordance with Rule 32.2(c), *Alabama Rules of Criminal Procedure*, Taylor may still file a petition in state court seeking collateral review of his conviction and sentence. (*Doc. No. 12 at pg. 5*.)

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A).   "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 225(c).  The documents and records before the court affirmatively reflect that Taylor has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Taylor's claims without first requiring that he exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceeding as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Taylor can pursue those state court remedies available to him.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.  It is further

ORDERED that on or before **May 10, 2012,** the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of April, 2012.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE